Dear Dr. Mallory:
This opinion is in response to your question asking:
 If a board of education expends district funds `to publicize and support the passage of bond issues and tax increases' (See AG Opinion 186, 7/1/69) and the total expenditure is in excess of $500, must the board be organized as a `committee' as that term is used in Section 163.011 [sic: should be § 130.011], SB 129, 80th General Assembly, First Regular Session?
 Should the board of education be considered a `campaign committee' as that term is defined in `b' of the statute referred to above?
In Att'y Gen. Op. No. 186, Johnson, July 1, 1969, this office concluded that the St. Louis School Board is authorized to expend public funds to publicize and support the passage of bond issues and operating tax increases. A copy of that opinion is enclosed. We feel, however, from the context of your question that there may be some misunderstanding regarding the holding of Opinion No. 186. Such opinion was based upon the particular facts involved in the question posed to this office at that time and did not stand for the proposition that all public entities are authorized to expend public funds for such a purpose or that a school district is authorized to expend an unlimited amount of public money to publicize and support the passage of bond issues and operating tax increases. Quite to the contrary, we have previously concluded, and we reaffirm, that a public entity such as a hospital board of trustees does not have the authority to spend accumulated money in the hospital fund for a promotion or advertising campaign preceding a bond election to enlarge the public hospital. See Att'y Gen. Op. No. 72, Powell, April 20, 1960, copy enclosed. Even assuming that an entity has authority to make such an expenditure, it is quite clear there must be some limit upon the amount expended and some restriction upon the method used in supporting such an issue.
Your question is a general question, however, with respect to the publication of such support, and we do not, in this opinion, purport to determine whether even a board of education, which was the subject of our Opinion No. 186-1969, may employ a particular means or may expend a particular amount of public money for the support of such an issue.
Prior to the passage of Senate Bill No. 129 of the 80th General Assembly, which amended certain sections in Chapter 130 dealing with campaign expenditures, this office interpreted such provisions of Chapter 130 in Att'y Gen. Op. No. 179, Schneider, October 3, 1978. A copy of that opinion is enclosed. In that opinion, this office concluded that a corporation, labor union, or other organization which only makes campaign contributions or expenditures in excess of $500 from its own funds or property is not a "committee" for purposes of the Campaign Finance Disclosure Law and is therefore not required to meet with the organizational and reporting requirements of committees under §§ 130.021,130.036, and 130.041, RSMo.
The amendments to § 130.011 by Senate Bill No. 129 exclude from the definition of "committee" certain legal entities. Because of the length of such subsection, we quote hereafter only the pertinent portion thereof:
 [N]or shall a corporation, cooperative association, partnership, proprietorship, or joint venture be deemed to be a committee for the purposes of making expenditures if it is not organized or operated for the primary or principal purpose of influencing or attempting to influence the action of voters for or against the nomination or election to public office of one or more candidates or the qualification, passage or defeat of any ballot measure, accepts no contributions, and if the expenditures are made using its own funds or property obtained in the usual course of business or in any commercial or other transaction and which are not contributions as defined by subdivision (8) of section 130.011; . . . .
It is clear that a school district is not within the quoted exception, and there is no other such exception relating to a school district.
It is our view, however, that a school district comes within the reasoning employed in our Opinion No. 179-1978 in that it would, in our view, be absurd and not consistent with the intent of the legislature to include a school district within the definition of "committee" or for that matter under the definition of "campaign committee" within the meaning of § 130.011 of Senate Bill No. 129.
CONCLUSION
It is the opinion of this office that a board of education which expends district funds to publicize and support the passage of bond issues and tax increases does not come within the reporting requirements of committees under the provisions of Chapter 130, the Campaign Finance Disclosure Law, as amended by Senate Bill No. 129 of the 80th General Assembly.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures
Op. No. 186-1969 Op. No. 72-1960 Op. No. 179-1978